

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED MAY 13 2008

RECEIVED MAY 1 3 2008
JUDGE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT COURT

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al., <br><br>Plaintiffs-Judgment Creditors, <br><br>vs. <br><br>ISLAMIC REPUBLIC OF IRAN, et al., <br><br>Defendants-Judgment Debtors. | Case No.: 108-CV-01592 <br><br>Judge Robert Gettleman <br>Magistrate Judge Ashman |

### MOTION FOR APPOINTMENT OF RECEIVER

(THE PERSEPOLIS COLLECTION AND CHOGHA MISH COLLECTION IN THE HANDS OF THE UNIVERSITY OF CHICAGO)

Plaintiffs DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al., and all of the others as listed in the Judgment in the action entitled *Peterson vs. Islamic Republic of Iran* pending in the United States District Court, District of Columbia Case No. 01-2094 (RCL), shall appear before the Honorable Robert Gettleman in the United States District Court for the Northern District of Illinois, Eastern Division, Room 1703, to present a motion for the appointment of a receiver of that certain collection of Iranian antiquities, artifacts, and artwork, in the possession and the control of the University of Chicago aka The Oriental Institute, consisting generally of the Persepolis Fortification Collection and the Chogha Mish Collection.

The purpose of the motion for appointment of receiver is the following:

1. Eject and substitute out, The Islamic Republic Of Iran ("Iran") as a participant in, party to, and asserting any right, in and to that certain action(s) generally entitled Jenny Rubin, et al. vs. The Islamic Republic of Iran, et al., The University of Chicago as Citation Third Party Respondent, and The Field Museum as third Party Respondent pending in the United States District Court, Northern District of Illinois, Eastern Division, Case No. 03-CV-9370, and all proceedings therein before the Honorable Blanche M. Manning, District Court Judge Presiding, and Martin C. Ashman, Magistrate Judge Presiding therein.

2. The receiver(s) shall subsume and take possession of, all of the right, title and interest, including but not limited to, the residual right, title and interest, all general intangible rights therein, all rights to receive the return of, demand the return, or determine the disposition thereof, of The Islamic Republic of Iran ("Iran") in and to the Persepolis Fortification Collection and the Chogha Mish Collection, and each of the same.

3. Granting for and on behalf of the receiver(s) the right to sell, dispose, convey, solely as a total inviolate body, the Persepolis Fortification Collection and the Chogha Mish Collection, as opposed to breaking them up, limiting the sale(s) of the residual rights therein to any university, college, museum, anamosinary institution, or third party, constituting an institution of higher learning.

4. Resolving in part or in whole, by settlement or otherwise, the pendency of the "Rubin litigation," leaving in the hands of the University of Chicago, the Persepolis Fortification Collection and the Chogha Mish Collection, and each of the same, pursuant to the terms and conditions of the bailment by and between Iran and the University of Chicago herein, either in part or in whole.

5. Engaging in a settlement or other disposition, whether by trial, monetary or payment, by and between Iran and The Field Museum herein.

The specific powers and duties of the receivers follows:

1. To take possession, custody and control of the collections, and the residual interest therein.

2. To oust Iran from the Rubin Litigation, and substitute the receivers as the adverse parties.

3. To arrange a resolution with The University of Chicago, to permit The University of Chicago to retain physical custody of the collections pursuant to the pre-existing terms with Iran, in which The University of Chicago's pre-existing rights with Iran shall remain unabridged.

4. To sell solely to an institution of higher learning, museum, or like institution, Iran's residual rights in the collections.

5. To permit the receivers to retain the services of a broker, agent, or representative in the sale of the rights, retain counsel, accountants, establish bank accounts, and otherwise conduct normal business activities incidental to their duties.

6. To solicit such offers to sell the residual rights, which may include sealed bids, auction, consignment or brokerage, subject to final court approval upon notice to all parties.

7. To establish one or more bank accounts to impound all proceeds, be imbued with the power to affix the name of Iran to any check, draft, money order, note or instrument, to sign any contract, memorandum of understanding, or agreement in the name of Iran, or otherwise take any action as if the owner thereof.

8. To settle, resolve, terminate, negotiate any settlement, resolution or termination, or dispose of the Rubin Litigation as to The University of Chicago claim, subject to approval by this court.

9. To take any other action, including the filing of any papers, pleadings, appearance, or presentation in the Rubin Litigation, and take all other action therein consistent with the prosecution of Iran's interest therein, for the purpose of securing the most advantageous outcome on behalf of the Plaintiffs.

10. To post a bond in the amount as designated by the court.

11. That Iran be stayed, prohibited and enjoined, after appointment of this order, to

participate in the Rubin Litigation.

12. That the court keep and retain continuing jurisdiction to supervise the conduct of the receivers, enter such orders to assure an orderly administration, restrain third parties from interfering with the conduct of the receiver, and to take any action which is appropriate.

DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al., moves this court for the appointment of a receiver(s) pursuant to F.R.C.P. 66, Local Rule 66.1, the principles of equity and the practices of court in the appointment of receivers, heretofore practiced, and which are otherwise permitted under F.R.C.P. 69(a)(1), and otherwise under the laws of the State of Illinois and/or the practices of equity hereunder.

DATED: May 12, 2008                     Plaintiffs, by their attorneys


                                        By:
                                        JAY GLENN, ESQ.




                                        DAVID J. COOK, ESQ.
                                        COOK COLLECTION ATTORNEYS
                                        P.O. Box 270
                                        San Francisco, CA 94104-0270
                                        Telephone: (415) 989-4730
                                        Fax: (415) 989-0491
                                        Email: Cook@Squeezebloodfromturnip.com


F:\USERS\DJCNEW\peterson.appoint3