# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 1592 | **DATE** | June 16, 2008 |
| **CASE TITLE** | *Peterson v. Islamic Republic of Iran* | | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion for appointment of a receiver [21-1] is denied.

■ [ For further details see text below.]      Docketing to mail notices.

00:00

## STATEMENT

The plaintiffs (referred to collectively as "Peterson") have filed a motion under Federal Rule of Civil Procedure 66 asking the court to appoint a receiver to, among other things, safeguard and distribute Persian artifacts in the possession of citation-respondent University of Chicago.

"The appointment of a receiver is considered to be an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interest in the property." 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2983 (2d ed. 1997). Factors which courts take into account when determining in their discretion whether to appoint a receiver include the following: (1) fraudulent conduct by the defendant; (2) imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (3) the inadequacy of the available legal remedies; (4) the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointed; and (5) plaintiff's probable success in the action and the possibility of irreparable injury to the plaintiff's interest in the property. *Id.*; *see also Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir. 1993).

With all of these factors in mind, the court finds in its discretion that Peterson's motion for appointment of a receiver is premature. The property at issue is presumably owned by Iran and is therefore possibly immune from attachment or execution under the Foreign Sovereign Immunities Act, *see* 28 U.S.C. § 1602, and the Terrorism Risk Insurance Act, *see* 28 U.S.C. § 1610. The issue of immunity is already being litigated in another case before this court, *Rubin v. Islamic Republic of Iran*, no. 03 CV 9370, and Iran will presumably litigate the issue in this case as well (if Peterson does not seek or is not granted leave to intervene in *Rubin*). Peterson's chances of succeeding in this enforcement proceeding therefore turns on whether or not the artifacts are immune from attachment or execution. Accordingly, the court cannot evaluate this factor without first resolving whether the artifacts are subject to attachment or execution.

**STATEMENT**

Peterson argues that as a result of a recent amendment to the TRIA, there is no question that the artifacts are subject to attachment or execution. The amendment is codified at 28 U.S.C. § 1610(g), which states that a foreign sovereign's property *is* subject to attachment or execution, regardless of a number of factors that were to be taken into account under the pre-amendment version of the statute. However, subsection (g) applies only to enforcement proceedings based upon judgments obtained under newly-created 28 U.S.C. § 1605A. Peterson obtained her judgment pursuant to the predecessor to § 1605A, 28 U.S.C. § 1605(a)(7). Accordingly, under the plain meaning of the statute, subsection (g) is inapplicable to Peterson's enforcement action and immunity remains a viable issue. *See also Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006) (statutes are disfavored as retroactive if their application would impair a party's rights or increase its liability for past conduct).

Turning now to the other factors relevant to appointment of a receiver, the Persian artifacts are not in imminent danger and Peterson is not subject to immediate harm because the artifacts are subject to a lien as a result of the citation that Peterson served upon the University of Chicago. (R.18.) As a result of the citation and the lien, the University is prohibited "from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtors." (*Id.* at 2-3.)

The court also notes that Peterson's motion raises no allegations of fraud against Iran.

Because of the lack of risk of imminent harm, the lack of evidence of fraud, and because the Persian artifacts are already subject to a lien, Peterson has identified no pressing need for appointment of a receiver. Accordingly, for all of the above reasons, Peterson's request for appointment of a receiver based on the present record is denied.

rs/cpb